GULOTTA, Judge.
Plaintiff, a training recruit of the New Orleans Police Department, appeals from a judgment of the Civil Service Commission affirming his dismissal from the department.
The Commission concluded, based on credibility, that plaintiff “had the odor of alcohol on his breath during recruit training *22 at the firing range on January 20, 1977” in violation of article 48(b) of the Rules of the Administrator of the Department of Police.[1]
We reject plaintiff’s contention that the department failed to carry the burden of proof necessary to support the dismissal.
Two recruits[2] testified that they had smelled alcohol on plaintiff on the morning of January 20th. The platoon commander[3] stated that several recruits reported that plaintiff and another recruit had been drinking on that morning. However this officer indicated he did not get close enough to plaintiff to smell his breath.
A range officer instructor[4] stated that when he was standing in the area of plaintiff he could smell a slight odor of alcohol but could not pinpoint the odor as emanating from plaintiff. A search of plaintiff’s automobile on the day of the incident, produced a half consumed pint bottle of vodka. Ervin Tate, who also, along with plaintiff, was dismissed, implicated himself and plaintiff but repudiated that he saw plaintiff drinking the vodka but had only “assumed” Stewart had consumed the drink.
On the other hand, two witnesses[5] stated that at twelve noon or one p. m. they did not smell alcohol on plaintiff’s breath. Another fellow recruit[6] stated that he had been in plaintiff’s presence for most of the day and did not smell alcohol on plaintiff’s breath. Another recruit[7] stated that he was with plaintiff after lunch and he detected no alcohol odor coming from plaintiff. Furthermore, Stewart denied he had consumed any alcohol either on the night before or the morning of January 20th.
In Sturken v. The Department of Streets, No. 9229 in a recent expression from this court, we said:
“Although the scope of our review extends to law and facts, we are reluctant to disturb a factual determination by the Civil Service Commission which has, in this case, concluded that the department failed to carry that burden of proof necessary to support its dismissal of Sturken. Though we find support in the record for the conclusion that Sturken did report to work in an intoxicated condition and, as a result, was impaired in the performance of his usual duties, we also find that the record will support a contrary finding. We feel compelled to exercise the same degree of judicial restraint as would be the case where a trial judge has reached certain factual conclusions with which we disagree but for which we find support in the record. Therefore, the judgment is affirmed.”
The evidence considered, we conclude the record supports the result reached by the Commission and the appointing authority. Accordingly, the judgment is affirmed.
AFFIRMED.

. Copy art. 48(b) reads as follows:
“A member shall not report for duty under the influence of alcohol or have the odor of alcohol on his breath. While off duty, a member shall not consume alcoholic beverages to the extent that his behavior becomes obnoxious, disruptive or disorderly, or which renders him unfit to report for his next regular tour of duty.”

. John A. Moran and Donald Lee Saucier.

. Samuel T. Palumbo.

. Cleveland Lloyd Crawford.

. Sgt. Donald Duke, firearm instructor and Arnold Green, Jr., the squad advisor.

. Ricardo Gillette.

. Johnny Singleton.